**Sphend PLLUMBAJ, Petitioner**

v.

**ATTORNEY GENERAL OF the UNITED STATES, Respondent.**

**No. 10–1175.**

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) May 11, 2011.

Opinion filed: July 22, 2011.

Kevin W. Jones, Esq., New York, NY, for Petitioner.

Eric H. Holder, Jr., Esq., Thomas W. Hussey, Esq., Arthur L. Rabin, Esq., Ann C. Varnon, Esq., United States Department of Justice, Washington, DC, for Respondent.

Before: FUENTES, VANASKIE and ROTH, Circuit Judges.

## OPINION

PER CURIAM.

Sphend Pllumbaj petitions for review of the Board of Immigration Appeals' ("BIA" or "Board") final order of removal. For the reasons that follow, we will deny the petition for review.

### I.

Pllumbaj, a native and citizen of Albania, arrived in the United States in November 2005. In April 2006, he filed an application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"), predicated on his claim that he had been persecuted for his involvement in the Democratic Party of Albania. An asylum officer denied his application, but referred it to an immigration judge ("IJ") for further proceedings.

Pllumbaj thereafter was served with a Notice to Appear, charging him with removability under Immigration & Nationality Act ("INA") § 212(a)(6)(A)(i), as an alien present in the United States without admission or parole. Pllumbaj conceded removability and renewed his application for asylum and related relief.

At his administrative hearing, Pllumbaj testified before the IJ that he joined the Democratic Party of Albania in 1998. After he became a member, Pllumbaj claimed that he began to receive threats from members of the Socialist Party of Albania, which controlled the government at that time. Pllumbaj testified that in December 1998, neighbors alerted his family that their house was on fire, and that he later learned that the fire was set by members of the Socialist Party in retaliation for his family's political activities.

Pllumbaj testified that thereafter he was arrested several times by Albanian police. He claimed that in October 2000, he was arrested and beaten at a police station for three days because he served as election observer for the Democratic Party. Pllumbaj further testified that he was arrested and interrogated in October 2003 after he participated as Democratic Party representative on a local election commission. In July 2005, Pllumbaj claimed that he was again arrested, detained, and beaten for two days for having served as an election observer. In September 2005, Pllumbaj testified that he was accosted and beaten unconscious by a group of men as he returned home from visiting relatives, leaving him bedridden for several days. Pllumbaj left Albania following that incident.

The IJ determined that Pllumbaj testified credibly, but nonetheless found that based on the evidence he presented, she was unable to conclude that he suffered past persecution. In addition, the IJ determined that even if Pllumbaj had established past persecution, the Government provided evidence sufficient to demonstrate that circumstances in Albania have changed such that he does not have a well-founded fear of persecution if he were to return.

Pllumbaj appealed the IJ's ruling to the BIA and, in a December 2009 decision, the BIA dismissed his appeal. Finding it unnecessary to reach the issue of whether Pllumbaj had established past persecution on account of a protected ground, the Board upheld the IJ's denial

of asylum on the alternative ground that the Government had "successfully rebutted the presumption of a well-founded fear of persecution through [ ] evidence of record establishing significant and pertinent changes in the conditions in Albania directly related to [Pllumbaj]'s claims." (Administrative Record ("A.R.") at 2–3.) Pllumbaj filed a timely petition for review, seeking review only of the BIA's denial of his application for asylum.[1] (*See* Petitioner's Brief ("Pet.Br.") at 2.)

## III.

We have jurisdiction to review the BIA's final order of removal under 8 U.S.C. § 1252(a). The BIA's decision is reviewed under the substantial evidence standard and will be upheld "unless the evidence not only supports a contrary conclusion, but compels it." *Zubeda v. Ashcroft*, 333 F.3d 463, 471 (3d Cir.2003) (internal citation omitted).

An applicant who has established past persecution shall be presumed to have a well-founded fear of persecution on the basis of the original claim. *See* 8 C.F.R. § 1208.13(b)(1). That presumption may be rebutted, however, if an IJ finds that there has been a fundamental change in circumstances in the native country such that the applicant no longer has a well-founded fear of persecution. *See* 8 C.F.R. § 1208.13(b)(1)(i)(A). "The burden of proof in a changed-country-conditions rebuttal is on the government." *See Berishaj v. Ashcroft*, 378 F.3d 314, 327 (3d Cir.2004) (citing 8 C.F.R. § 1208(b)(1)(ii)). Even if the presumption of future persecution is rebutted, an applicant can still be granted "humanitarian asylum" if he or she "has demonstrated compelling reasons for being unwilling or unable to return to the country arising out of the severity of

the past persecution" or "has established that there is a reasonable possibility that he or she may suffer other serious harm upon removal to that country." 8 C.F.R. § 1208.13(b)(1)(iii); *Pllumi v. v. Att'y Gen.*, 642 F.3d 155, 162 (3d Cir.2011).

Pllumbaj argues that the IJ erred in determining that he did not suffer past persecution, and that the BIA erred by failing to review that finding on appeal. He also argues that, because he is eligible for a discretionary grant of humanitarian asylum under 8 C.F.R. § 1208.13(b)(1)(iii)(A), the BIA erred in declining his request to remand his case to enable him to demonstrate why he is unwilling or unable to return to Albania.

▪ Pllumbaj's first argument ignores the fact that the BIA expressly declined to rule on the issue of past persecution, instead concluding that the IJ properly determined that, even assuming that he suffered past persecution, the Government rebutted the presumption of a well-founded fear by showing a fundamental change in circumstances. As mentioned, the Board specifically noted that the Government presented evidence demonstrating "significant and pertinent changes in the conditions in Albania directly related to [Pllumbaj]'s claims." (A.R. at 2–3.) Thus, the BIA did not err in affirming the IJ's alternative ground for denying Pllumbaj asylum.

▪ To the extent that Pllumbaj also argues that the BIA erred in concluding that the Government successfully rebutted any presumption of his having a well-founded fear of future persecution, we conclude that substantial evidence supports the agency's decision. The BIA considered, among other things, the 2006 State

---

1. Accordingly, we will not review the agency's denial of withholding of removal, or protec-

tion under the CAT. *See United States v. Pellullo*, 399 F.3d 197, 222 (3d Cir.2005).

Department Profile of Asylum Claims and Country Conditions for Albania, and the 2006 State Department Country Report on Human Rights Practices in Albania. These documents indicate that there have been no recent outbreaks of political violence, that political parties are unrestricted, and that the Democratic Party, of which Pllumbaj is a part, took power following the 2005 elections. This constitutes substantial evidence supporting the BIA's determination that Pllumbaj does not have a well-founded fear of persecution upon his return to Albania. *See Cuko v. Mukasey*, 522 F.3d 32, 40 (1st Cir.2008) (holding that reliance on country reports was sufficient to rebut the presumption of well-founded fear of future persecution based on support for Democratic Party of Albania).

Pllumbaj also argues that because he is entitled to humanitarian asylum under 8 C.F.R. § 1208.13(b)(1)(iii)(A), the BIA should have remanded his case to allow him to demonstrate why he is unwilling or unable to return to Albania.[2] Humanitarian asylum is a discretionary grant of asylum to an alien who does not otherwise qualify for it, but who demonstrates "compelling reasons for being unable or unwilling to return to the country arising out of the severity of the past persecution." *See* 8 C.F.R. § 1208.13(b)(1)(iii)(A). It is reserved for those applicants who have suffered particularly atrocious persecution. *See Sheriff v. Att'y Gen.*, 587 F.3d 584, 594 (3d Cir.2009) (noting that persecution entitling an alien to humanitarian asylum "must have been extreme" and "atrocious forms of persecution").

■ Assuming arguendo that Pllumbaj's past experiences amounted to persecution, we perceive no abuse of discretion on the part of the BIA's when it declined Pllum-

baj's request to remand his case for further consideration of his eligibility for relief under section 1208.13(b)(1)(iii)(A). The Board correctly noted that on appeal, Pllumbaj failed to set forth what his compelling reasons are for his inability or unwillingness to return to Albania. (A.R. at 3.) Similarly, on appeal to this Court, Pllumbaj has not identified what specific evidence that he would have presented on remand in support of his request for humanitarian asylum, arguing only that "further proceedings" are warranted. (Pet. Br. at 16.) Given the lack of evidence presented by Pllumbaj in support of his request, we conclude that the BIA did not abuse its discretion in declining to remand his case.

Accordingly, we will deny the petition for review.

---

**2.** Pllumbaj does not argue that he qualifies for humanitarian asylum under 8 C.F.R.

§ 1208.13(b)(1)(iii)(B).